**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LESTER W. KAUFFMAN, III, <u>et al.</u>,** | : | |
|     **Plaintiffs** | : | **No. 1:17-cv-222** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **SUMMA & IEZZI, INC.** | : | |
|     **Defendant** | : | |

## <u>MEMORANDUM</u>

Before the Court is Plaintiffs' motion for default judgment. (Doc. No. 6.) Plaintiffs have filed a brief in support of their motion. (Doc. No. 7.) As Defendant has yet to appear or defend in this action, no opposition to the motion has been filed. For the reasons that follow, the Court will grant the motion and enter default judgment in favor of Plaintiffs.

**I.    BACKGROUND**

On February 6, 2017, Plaintiffs Union Trowel Trade Benefit Funds of Central Pennsylvania; Bricklayers & Stonemasons Local 5 Annuity Fund; PA Local 47 Bricklayers and Allied Craftsmen Pension Plan; Bricklayers and Trowel Trades International Pension Fund; and International Masonry Institute, through Fund Trustees Lester W. Kauffman, III, George D. Hardy, Jack Figured, Carmen Esgro, Laine Gehres, and James Boland ("Plaintiffs"), initiated the above-captioned action by filing a two-count complaint against Defendant Summa & Iezzi, Inc. ("Defendant"), pursuant to Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145. (Doc. No. 1.)

The complaint alleges as follows. The Plaintiffs include numerous trust funds ("Funds") and their trustees. (<u>Id.</u> ¶¶ 3-17.) Each Fund is a "multiemployer plan," "employee benefit plan," and "employee benefit pension plan" under various subsections of 29 U.S.C. § 1002 of ERISA. (<u>Id.</u> ¶¶ 4, 7, 10, 13, 16.) Each Fund's trustees ("Trustees"), are the "named fiduciary," "plan

1

administrator," and "plan sponsor," of each Fund, and they are each an individual "fiduciary" within the meaning of 29 U.S.C. §§ 1102(a), (16), and (21) of ERISA. (Id. ¶¶ 3, 6, 9, 12, 15.) In addition, the Trustees are fiduciaries of each respective Fund for purposes of 29 U.S.C. § 1002(21) "with respect to the collection of contributions due the Fund and related matters, and are authorized to bring this action on behalf of all Trustees of the Funds as organizations." (Id. ¶¶ 5, 8, 11, 14, 17.) Plaintiffs allege that Defendant is an employer within the meaning of 29 U.S.C. § 152(2), (6), and (7), as well as § 1002(5), (11), and (12) of ERISA. (Id. ¶ 20.) Plaintiffs further assert that Defendant "was [a] party to or agreed to abide by the terms and conditions of a collective bargaining agreement . . . between International Union of Bricklayers and Allied Craftworkers Local Union No. 5, Pennsylvania and the Masonry Contractors Association of Central Pennsylvania." (Id. ¶ 21.) Pursuant to the terms of the collective bargaining agreement, Defendant allegedly agreed to the following:

a. To make full and timely payment on a monthly basis, on or before the 15th day of each month, to the Funds as required by the Trust Agreements and plan documents;

b. To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Agreement;

c. To pay interest at the rate of One and One-half (1/5%) Percent of the delinquent amount due the Health and Welfare Fund and Local 5 Annuity Fund;

d. To pay liquidated damages in the amount of Twenty ($20.00) Dollars or Ten (10%) Percent of the delinquent amount per month, whichever is greater, due the Health and Welfare Fund . . .

e. To pay interest at the rate of One and One-quarter (1.25%) Percent of the delinquent amount due the IPF and IMI; [and]

f. To pay liquidated damages in the amount of Twenty (20%) Percent of the delinquent amount per month due the IPF and IMI;

2

> To pay all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Company's failure to comply with its contractual and statutory obligations described in Subparagraphs (a) and (b), above.

(Id. ¶ 23.)

Plaintiffs claim that Defendant has failed to fulfill its payment obligations "under the Agreement, Trust Agreements and plan documents" for a period spanning 2016 to 2017,[1] and in doing so, has violated 29 U.S.C. § 1145 of ERISA. (Id. ¶ 25.) According to an affidavit submitted by Plaintiffs, the total amount of liquidated damages, contributions and interest is $100,557.26. (Doc. No. 6-1 at 11.) The complaint states that Plaintiffs seek to recover all unpaid contributions, liquidated damages and interest, costs incurred with this action or the enforcement of any judgment, attorneys' fees associated with this action, and any additional legal or equitable relief deemed appropriate by the Court. (Doc. No. 1 ¶ 27.)

A review of the docket reveals that a summons was issued to Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure on February 6, 2017 (Doc. No. 2), and that the summons was returned executed on March 13, 2017. (Doc. No. 3.) Despite being served with the complaint and summons, Defendant subsequently failed to timely appear, answer, move, or otherwise respond to Plaintiffs' complaint. As a result, Plaintiffs requested the Clerk of Court to enter default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). On March 13, 2017, the Clerk entered a default against Defendant for failure to plead or otherwise defend in the above-captioned action. (Doc. No. 5.) On May 8, 2017, Plaintiffs filed a motion for default judgment under Federal Rule of Civil Procedure 55(b)(2), together with a brief in support thereto. (Doc. No. 7.) In addition to filing the motion and supporting brief, Plaintiffs submitted

---

[1] According to an affidavit submitted by Plaintiffs in support of their motion for a default judgment, the relevant months are January, March, April, May, June, July, August, September, and December of 2016, as well as January, February, and March of 2017. (Doc. No. 6-1 at 11.)

multiple exhibits, including the affidavit of Lester W. Kauffman, III, which included an itemized list of the amounts allegedly owed, as well as a copy of the applicable collective bargaining agreement. (Doc. No. 6-1.)

As Defendant has not responded to the pending motion for default judgment, the Court deems Plaintiffs' motion for default judgment unopposed. Accordingly, the matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Default judgments are governed by a two-step process set forth under Rule 55 of the Federal Rules of Civil Procedure. An entry of default by the clerk of court under Rule 55(a) is a prerequisite to a later entry of a default judgment under Rule 55(b). 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 2007) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). Once the clerk of court has entered a default, the party seeking the default may then move for the court to enter a default judgment under Rule 55(b)(2). Entry of default does not entitle a claimant to default judgment as a matter of right. 10 James Wm. Moore et al., Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010). Indeed, it is well settled that decisions relating to the entry of default judgments are committed to the sound discretion of the district court. Emcasco Ins. Co.v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).

Three factors control the exercise of the district court's discretion in assessing whether default judgment should be granted following the entry of default: (1) whether prejudice will inure to the plaintiff if default is denied, "(2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S.

Currency, 728 F.2d 192, 195 (3d Cir. 1984)). If the defendant has been properly served but fails to appear, plead, or defend an action, a court may "enter a default judgment based solely on the fact that the default occurred," without considering the Chamberlain factors. Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

"A finding that default judgment is appropriate, however, is not the end of the inquiry." Martin v. Nat'l Check Recovery Servs., LLC, No. 12-1230, 2016 WL 3670849, at *1 (M.D. Pa. July 11, 2016). Prior to entering a default judgment, the Court must also determine whether the "unchallenged facts constitute a legitimate cause of action." Wright et al., supra, at § 2688; Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008) (quoting Directv, Inc. v. Asher, Civ. No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)) ("Consequently, before granting a default judgment, the Court must first ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'"). In conducting this inquiry, "the well-pleaded, factual allegations of the complaint . . . are accepted as true and treated as though they were established by proof." E. Elec. Corp. of N.J. v. Shoemaker Const. Co., 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009) (citation omitted). However, while the Court must accept as true the well-pleaded factual allegations of a complaint, the Court need not accept the moving party's factual allegations or legal conclusions relating to the amount of damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

## III. DISCUSSION

Having reviewed the record, including Plaintiffs' complaint, motion, supporting brief, and accompanying affidavits, the Court finds that entry of default judgment against Defendant and in favor of Plaintiffs is appropriate. As an initial matter, the Court observes that Plaintiffs'

unchallenged allegations in the complaint, taken as true, sufficiently state causes of action under ERISA. Specifically, Section 502 of ERISA, 29 U.S.C. § 1132(g)(2), permits a "fiduciary for or on behalf of a plan to enforce [29 U.S.C. §] 1145 . . . in which a judgment in favor of the plan is awarded." 29 U.S.C. § 1145 provides that "[e]very employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Where entry of default judgment in favor of the plan fiduciary is appropriate, Section 502(g)(2) instructs the court to award: (1) unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages; (4) reasonable attorney's fees and costs; and (5) such other relief as the court deems warranted. 29 U.S.C. § 1132 (g)(2). Accordingly, the Court finds that the complaint asserts a legitimate cause of action against Defendant, as it sufficiently alleges Plaintiffs' entitlement to the aforementioned relief as authorized by ERISA as a result of Defendant's failure to make the required contributions to the Funds for the months alleged by Plaintiffs.

Furthermore, the Court finds that the three Chamberlain factors weigh in favor of entering default judgment against Defendant. First, Plaintiffs will be prejudiced if the Court declines to enter default judgment, as Plaintiffs are unable to proceed with the action due to Defendant's failure to respond and have no other means of recovering against Defendant. See Broad. Music, Inc. v. Kujo Long, LLC, No. 14-449, 2014 WL 4059711, at *2 (M.D. Pa. Aug. 14, 2014) ("Plaintiffs will be prejudiced . . . by their current inability to proceed with their action due to Defendants' failure to defend."). Second, Defendant has not asserted any meritorious defenses to Plaintiffs' claims through the filing of an answer or other responsive pleading to the

complaint, or through the filing of a response to the instant motion. Consequently, the Court is unable to conclude from Defendant's silence that Defendant has a viable, litigable defense. See Laborers Local Union 158 v. Fred Shaffer Concrete, No.10-1524, 2011 WL 1397107, at *2 (M.D. Pa. Apr. 13, 2011). Third, the Court cannot discern from the record any excuse or justification for Defendant's default apart from Defendant's own culpability. Indeed, despite being served with the complaint on February 16, 2017, Defendant has failed to enter an appearance or file a timely answer to the complaint and has offered no reasons for its failure to do so. "A defendant's default, or its decision not to defend against allegations in a complaint, may be grounds for concluding that the defendant's actions are willful." Innovative Office Prods., Inc. v. Amazon.com, Inc., No. 10–4487, 2012 WL 1466512, at *3 (E.D. Pa. Apr. 26, 2012). In the absence of any excuse or justification for Defendant's failure to participate in this litigation, the Court must conclude that the delay is the result of Defendant's culpable conduct. Laborers Local Union 158, 2011 WL 1397107, at *2. Accordingly, the Court is satisfied that the Chamberlain factors counsel in favor of entering default judgment in favor of Plaintiffs, and thus, will grant Plaintiffs' motion for default judgment.

As a final matter, the Court must address Plaintiffs' request for unpaid benefit fund contributions, liquidated damages, interest, and attorney's fees and costs. With respect to Plaintiffs' claim regarding unpaid contributions to the Funds, Plaintiffs maintain that Defendant failed to remit benefit fund contributions, liquidated damages, and interest to the Funds in the amount of $100,557.26, which includes: $18,480.03 in liquidated damages and interest for January, March, April, May, June, July, August, September, and December of 2016, $71,190.50 in contributions for October and November of 2016 as well as January, February, and March of 2017, and $10,886.73 in liquidated damages for October and November of 2016 and January,

7

February, and March of 2017. (Doc. No. 6-1 at 11.) The liquidated damages and interest are calculated in accordance with the collective bargaining agreement, attached as an exhibit to Plaintiffs' motion for default judgment (Id., Ex. A), which provides as follows:

> 13.02 If Employer fails to make any contribution to the Funds, when same shall be due and payable, it shall be considered delinquent and in breach of this Agreement and shall pay, as an additional amount to cover bookkeeping costs and other incidental expenses the sum of twenty ($20.00) Dollars, or ten (10%) percent of the amount of the delinquent payment, whichever is greater, plus interest at the rate of one and one-half percent per month until paid to each Fund. In addition, Employer shall be liable for reasonable expenses, including attorney's fees and accountant fees, incurred by each Fund in the collection of Employer's contributions.

(Id. ¶ 7.)

In support of their request for damages and interest, Plaintiffs have produced in addition to the relevant provisions of the collective bargaining agreement (Id., Ex. A), an itemized report of the interest and liquidated damages calculation for the Funds (Id. at 6), and the affidavit of Kauffman, who attests to Defendant's failure to remit contributions to the Funds for the months in question, as required by the collective bargaining agreement. (Id. at 7-10.) Having considered these submissions, the Court finds that Plaintiffs are entitled to recover $100,557.26 in unpaid contributions, liquidated damages, and interest.

With respect to whether Plaintiffs are entitled to attorney's fees and costs associated with bringing the above-captioned action, while Plaintiffs' complaint alludes to a request for these fees (Doc. No. 1 ¶ 32), neither Plaintiffs' motion for default judgment nor accompanying brief refers to this request. (Doc. Nos. 6, 7.) Plaintiffs have not requested a specific amount in attorney's fees, nor have they provided this Court with any means to calculate reasonable attorney's fees. See Teamsters Health & Welfare Fund of Philadelphia & Vicinity v. Dubin Paper Co., No. 11-7137, 2012 WL 3018062, at *5 (D.N.J. July 24, 2012). Accordingly, because

the Court is unable to discern whether Plaintiffs are entitled to attorney's fees and costs associated with initiating this action, the Court does not resolve this issue.

## IV. CONCLUSION

Based on the foregoing, the Court will grant Plaintiffs' motion for default judgment. (Doc. No. 6.) An appropriate Order follows.